# MEMO ENDORSED

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/14/2024

----------------------------------------------------------------
                                                    )
STEPHEN HAND,                                       )
                                                    )
                              Plaintiff,            )     Case No.: 1:23-cv-03902-VEC
                                                    )
      -against-                                     )     **MOTION TO VOLUNTARILY**
                                                    )     **DISMISS WITHOUT**
TRADERS DOMAIN FX LTD.,                             )     **PREJUDICE**
                                                    )
                              Defendant.            )
----------------------------------------------------------------

Plaintiff Stephen Hand ("Plaintiff"), by and through undersigned counsel, respectfully moves pursuant to Fed. R. Civ. P. 41(a)(2) to voluntarily dismiss this action without prejudice. To date, Plaintiff has been unable to locate and serve the Summons and Complaint upon Defendant despite diligent efforts. However, Plaintiff wishes to retain the right to re-file this action in the event that future efforts to locate Defendant are successful.

Because Defendant has not been located or served, Defendant is presumed to be unaware of this lawsuit and has not expressed a position on Plaintiff's motion.

Dated this 14th day of February 2024.

Application GRANTED.  The case is DISMISSED
without prejudice.  The Clerk of Court is
respectfully directed to CLOSE the case.

SO ORDERED.

*Valerie Caproni*

                                        02/14/2024
HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

*/s/ Simon Kabzan_____*
Simon Kabzan, Esq.
THE KRON LAW FIRM
*Attorney for Plaintiff*
1123 Avenue Z
Brooklyn, NY 11235
Phone: (917) 275-5987
Fax: (718) 697-7479
Email: a.kozlov@kronlawfirm.com

## CERTIFIED STATEMENT REGARDING SERVICE

I, Simon Kabzan, hereby certify that on this 14th day of February 2024 I did cause a true and complete copy of the foregoing Plaintiff's Motion for Voluntary Dismissal Without Prejudice pursuant to Fed. R. Civ. P. 41(a)(2), supporting memorandum, and proposed order, to be electronically filed with the Clerk of the Court using the ECF system. However, because Defendant Traders Domain FX Ltd. has not been located, despite Plaintiff's diligent efforts, and because Defendant had not made an appearance in this matter, I lack the ability to serve Defendant. I therefore presume that Defendant is unaware of Plaintiff's Motion.

*/s/ Simon Kabzan*
Simon Kabzan, Esq.
THE KRON LAW FIRM
*Attorney for Plaintiff*
1123 Avenue Z
Brooklyn, NY 11235
Phone: (917) 275-5987
Fax: (718) 697-7479
Email: a.kozlov@kronlawfirm.com

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS PURSUANT TO FED. R. CIV. P. 41(a)(2)

Plaintiff Stephen Hand ("Plaintiff"), by and through undersigned counsel, respectfully moves pursuant to Fed. R. Civ. P. 41(a)(2) to voluntarily dismiss this action without prejudice. To date, Plaintiff has been unable to locate and serve the Summons and Complaint upon Defendant despite diligent efforts. However, Plaintiff wishes to retain the right to re-file this action in the event that future efforts to locate Defendant are successful.

## BACKGROUND

On May 9, 2023, Plaintiff filed this action against Defendant Traders Domain FX Ltd. alleging fraud, conversion, deceptive business practices, and other claims arising from a fraudulent investment scheme perpetrated by Defendant. On June 20, 2023, the Clerk of this Court issued three Summonses directed to Defendant at three addresses associated with Defendant in Mexico and the Grenadines. Undersigned counsel then hired a process server to serve the Summons, Complaint, and Civil Cover Sheet upon Defendant at the subject addresses pursuant to the requirements of the Hague Convention. Undersigned counsel and the process server have been working to prepare the necessary paperwork to submit to the Mexican Central Authority for service of process. However, further research by undersigned counsel has revealed that the addresses in question appear to be abandoned properties. There is no evidence that the addresses are being used by Defendant or anyone else as a place of business. Therefore, Plaintiff and undersigned counsel believe that continued efforts to effect service of process upon Defendant at these addresses would be fruitless and a waste of time and resources.

## LEGAL ANALYSIS

Federal Rule of Civil Procedure 41(a)(2) provides in pertinent part, that "…an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and

conditions as the court deems proper…Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." Fed. R. Civ. P. 41(a)(2). Although voluntary dismissal without prejudice is not a matter of right, the presumption in the Second Circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that the defendant will suffer substantial prejudice as a result. *Gap, Inc. v. Stone Int'l Trading*, 169 F.R.D. 584, 588 (S.D.N.Y. 1997) (citing *Guzman v. Hazemag U.S.A., Inc.*, 145 F.R.D. 308, 309 (E.D.N.Y. 1993); *Indu Craft v. Bank of Baroda*, 1991 U.S. Dist. LEXIS 7856 (S.D.N.Y. 1991); *Zimpro, Inc. v. United States Environmental Protection Agency*, 83 F.R.D. 302, 303 (N.D.N.Y 1979). This rule furthers the "salutary policy of encouraging the quieting and settlement of controversies …." *Gap, Inc.*, 169 F.R.D. at 588 (citing *Goldlawr, Inc. v. Shubert*, 32 F.R.D. 467, 469 (S.D.N.Y. 1962).

The Second Circuit has set forth five factors for courts to consider when deciding whether to grant a Rule 41(a)(2) motion for voluntary dismissal: (1) the plaintiff's diligence in bringing the motion; (2) any undue vexatiousness on plaintiff's part; (3) the extent to which the suit has progressed, including the defendant's effort and expense in preparing for trial; (4) the duplicative expense of re-litigation; and (5) the adequacy of plaintiff's explanation for the need to dismiss. *Gap, Inc.*, 169 F.R.D. at 588 (citing *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2nd Cir. 1990).

In the present case, the Second Circuit's five factors analysis mitigates in favor of dismissal without prejudice. First, Plaintiff has been diligent in attempting to serve Defendant pursuant to the requirement of the Hague Convention and has expended resources retaining a process server and translators to prepare the necessary documents in Spanish. Now that service of process at the identified addresses would appear to be a fruitless exercise, Plaintiff is timely submitting this motion to voluntarily dismiss without prejudice. There has been no undue delay on the part of Plaintiff.

Second, there is no suggestion that Plaintiff has acted with vexatiousness or for any improper purpose in this matter. On the contrary, Plaintiff is the victim of Defendant's sophisticated fraud scheme, which appears to involve the use of false business addresses calculated to avoid the very service of process at issue in this matter.

Third, this suit has not progressed past the filing of the Summons and Complaint. Defendant has been served and has made no appearance. Defendant has expended no resources in defending against this action and would suffer no prejudice from its dismissal.

Fourth, there would be minimal duplicate expenses in the event of re-litigation, as the present action has not progressed beyond the filing of the Summons and Complaint.

Fifth, Plaintiff has adequately explained the need for dismiss without prejudice, to wit, the fact that Defendant's purported business addresses appear to be abandoned properties and that service of process is not possible under the present circumstances.

For the reasons stated herein, Plaintiff requests that this Court grant its present Motion pursuant to Fed. R. Civ. P. 41(a)(2) to voluntarily dismiss this action without prejudice

Dated: Brooklyn, New York
      February 14, 2024

                                   Respectfully submitted,


                                   */s/ Simon Kabzan*
                                   Simon Kabzan, Esq.